NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARREN R. KRAFT,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>PHELAN HALLIHAN DIAMOND &<br>JONES PC. a/k/a PHELAN HALLIHAN and<br>SCHMIEG, P.C.; PHELLAN HALLIHAN,<br>AND SCHMIEG, LLC; ROSEARIE<br>DIAMOND; FRANCIS S. HALLIHAN;<br>LAWRENCE T. PHELAN; AND DANIEL<br>G. SCHMIEG,<br><br>　　　　　　Defendants. | Case No. 3:18-cv-15525 (BRM) (DEA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Warren Kraft's ("Plaintiff") Complaint (ECF No. 1) and Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1-1).[1]

When a non-prisoner seeks to proceed IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his assets and attests to the applicant's inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Stamos v. New Jersey*, Civ. A. No. 095828, 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) ("While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner in forma pauperis cases."); *Roy v. Penn. Nat'l Ins. Co.,* No. 14–4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision

---

[1] Unless otherwise noted, ECF Numbers refer to Case Number 3:18-cv-15525. ("2018 Case")

whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

Having reviewed Plaintiff's IFP application, the Court finds leave to proceed IFP is warranted and the application is **GRANTED**. Therefore, the Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Having reviewed Plaintiff's filings and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Plaintiff's Complaint is **DISMISSED**.

**I.   BACKGROUND**

On October 30, 2018, Plaintiff filed a complaint alleging Defendants Phelan Hallinan Diamond & Jones, P.C. a/k/a Phelan Hallinan and Schmieg, P.C. ("Phelan Hallinan"), Phelan Hallinan, and Schmieg, L.L.C. ("Phelan Hallinan Schmieg"), Rosemarie Diamond ("Diamond"), Francis S. Hallinan ("Hallinan"), Lawrence T. Phelan ("Phelan"), and Daniel G. Schmieg ("Schmieg") (collectively "Defendants"), violated 15 USC § l692(e), the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 1 at ¶ 70.) Specifically, Plaintiff alleges Defendants used false, deceptive, or misleading representations or means in connection with the collection of a mortgage debt. (*Id.* at ¶ 81.) The allegations echo a 2017 case heard by this Court in which Plaintiff brought similar allegations against the same defendants. *See Kraft v. Phelan Hallinan Diamond & Jones, P.C.,* No. 317-CV-13765, 2019 WL 3423437 (D.N.J. July 30, 2019) ("2017 Case"). Importantly, in the 2017 Case, Plaintiff alleged Defendants violated the FDCPA.[2] Ultimately, the case was dismissed due to service issues. (Case No. 3:17-cv-13765-BRM-DEA, ECF No. 40 at 9– 10). In addition to lacking proper service, this Court found that Plaintiff "fail[ed] to establish a

---

[2] For a full recitation of the facts in the 2017 Case, see Case No. 3:17-cv-13765-BRM-DEA, ECF No. 40 at 2–5.

prima facie case of a FDCPA violation, and as such, the Amended Complaint must be dismissed." (*Id.* at 11). In doing so, this Court found Plaintiff was not a consumer in the context of the FDCPA. (*Id.*) As such, Plaintiff lacked standing to bring suit against Defendants. (*Id.*).

## II. LEGAL STANDARD

*Res judicata* bars plaintiffs from bringing causes of action that were already adjudicated in an earlier action between two parties or that could have been determined in an earlier action. *Watkins v. Resorts Int'l Hotel and Casino, Inc.*, 591 A.2d 592, 597 (N.J. 1991). "*Res judicata*, or claim preclusion, is a court-created rule that is designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand." *Purtner v. Heckler*, 771 F.2d 682, 689–90 (3d Cir. 1985) (footnote and citation omitted). The doctrine "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Atty. Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (citing *In re Mullarkey*, 536 F.3d 215, 224–25 (3d Cir. 2008)). "A party seeking to invoke *res judicata* must establish three elements: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Id.* (quoting *In re Mullarkey*, 536 F.3d at 225). "The doctrine of *res judicata* bars not only claims that were brought in a previous action, but also claims that could have been brought." *In re Mullarkey*, 536 F.3d at 225 (citing *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007)).

Issue preclusion, on the other hand, precludes a party from re-litigating an issue when:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*Twp. Of Middletown v. Simon*, 937 A.2d 949, 954 (N.J. 2008).

"In the interest of judicial economy *res judicata* may properly be raised by a district court *sua sponte*." *Courteau v. United States*, Civ. A. No. 02-0659, 2007 WL 1456198, at *3 (D.N.J. May 14, 2007). "Indeed, *sua sponte* raising a preclusion defense 'is fully consistent with the policies underlying *res judicata*: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.'" *Copeland v. US Bank Cust Pc5 Sterling Nat'l*, Civ. A. 20-07016, 2021 WL 2134942, at *7 (D.N.J. May 26, 2021) (citing *Arizona v. California*, 530 U.S. 392, 412 (2000)). In addition, this Court has found that applying the doctrine of *res judicata* when screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) is appropriate. *See Townsend v. NJ Transit*, Civ. A. No. 10-1136, 2010 WL 4038833, at *1 (D.N.J. Oct. 13, 2010) (allowing the plaintiff to proceed IFP but dismissing the complaint upon screening under the doctrine of *res judicata*). *See also Somerset v. Partners Pharmacy LLC*, No. CV 19-19707, 2019 WL 5783308, at *1 (D.N.J. Nov. 6, 2019) (allowing a plaintiff to proceed IFP but dismissing the complaint pursuant to 28 U.S.C § 1915(e) on *res judicata* grounds). "Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile." *Prudential Ins. Co. of Am. v. Bank of Am., Nat. Ass'n*, 14 F. Supp. 3d 591, 596 (D.N.J. 2014).

### III. DECISION

This Court is faced with a complaint remarkably similar to the complaint of a prior case. To determine if the 2018 Case can proceed, one must apply the elements of *res judicata*. In doing so, it is clear that this case is not proper. In the 2017 Case, a final decision was rendered on June 29, 2020, marking the case as closed. (Case No. 3:17-cv-13765-BRM-DEA, ECF Nos. 59 and

60).³ Additionally, the same parties are involved in both cases. (*Compare* ECF No. 1 at ¶ 8–16, *with* Case No. 3:17-cv-13765-BRM-DEA, ECF No. 26 at ¶ 9-21).⁴ Lastly, the new case is based on the same cause of action that was previously adjudicated. (ECF No. 1 at ¶ 70). (Case No. 3:17-cv-13765-BRM-DEA, ECF No. 26 at ¶ 82). While the case at hand presents a few differing facts and allegations than the 2017 Case, the cause of action is the same; Plaintiff is alleging Defendants violated the FDCPA, namely 15 USC §1692(e). (ECF No. 1 at 70). In other words, while Plaintiff has added and subtracted from his Amended Complaint from the 2017 Case to create a new complaint, the core of both complaints is the same. Despite a few differing facts, any new allegations or facts presented in the 2018 complaint should have been presented in the 2017 Case, therefore, *res judicata* still applies. Lastly, case law supports allowing the Court to act *sua sponte* in applying the doctrine of *res judicata. See Courteau v. United States, No.* CIV.A.02-0659, 2007 WL 1456198, at *3 (D.N.J. May 14, 2007). *See also Copeland,* Civ. A. No. 20-07016, 2021 WL 2134942, at *7 (D.N.J. May 26, 2021) (citing *Arizona v. California*, 530 U.S. 392, 412 (2000)). Additionally, case law supports allowing the Court to do so when screening an IFP complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Townsend v. NJ Transit*, Civ. A. No. 10-1136, 2010 WL 4038833, at *1 (D.N.J. Oct. 13, 2010) (allowing the plaintiff to proceed IFP but dismissing the complaint with prejudice upon screening under the doctrine of *res judicata). See also Somerset v. Partners Pharmacy LLC*, Civ. A. No. 19-19707, 2019 WL 5783308, at *1 (D.N.J. Nov. 6, 2019) (allowing a plaintiff to proceed IFP but dismissing the complaint with prejudice pursuant to 28

---

³ Plaintiff appealed the matter, and the appeal was ultimately dismissed by the Third Circuit. *See* C.A. No. 19-03274.

⁴ Even if Plaintiff was trying to differentiate the parties involved in the 2018 Case compared to the 2017 Case, the claim would be barred as the elements of issue preclusion are met. The issue here is identical to the issue in the 2017 Case, it was litigated, there was a final judgment, determination of the issue was essential to the 2017 Case, and Plaintiff is the same in both cases.

U.S.C § 1915(e) on *res judicata* grounds). Seeing as the Complaint was already adjudicated in the 2017 Case, this Court finds that allowing Plaintiff to amend his current Complaint would be futile, therefore, dismissal with prejudice is appropriate. *See Prudential Ins. Co. of Am. v. Bank of Am., Nat. Ass'n*, 14 F. Supp. 3d 591, 596 (D.N.J. 2014).

## IV. CONCLUSION

For the reasons set forth above, Kraft's Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

**Date: July 1, 2021**            */s/Brian R. Martinotti*
                                  **HON. BRIAN R. MARTINOTTI**
                                  **UNITED STATES DISTRICT JUDGE**